## Bellevue Commercial & Savings Bank v. Highfill et al.

April 29, 1947.

As Extended on Denial of Rehearing

June 20, 1947.

Ray L. Murphy, Judge.

Odis W. Bertelsman for appellant.

Barbour & Bassmann for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In 1930, Everitt Highfill and his wife, Gertrude, executed three $1,000 notes to C. M. Derrick payable in one, two and three years respectively. The notes represented the unpaid portion of the purchase price of real property which the Highfills purchased from Derrick. In 1930, Mr. Derrick and his wife borrowed $2,000 from the appellant, Bellevue Commercial & Savings Bank. That note was due 30 days after date. Mr. Derrick pledged the Highfill notes as security on his loan from the Bank. The original note and the renewals thereof, all of which were indorsed in blank, contained this provision: "And we hereby give to the holder thereof full power and authority to sell or collect at our expense all or any part or portion thereof, at any place, either in the City of Bellevue, or elsewhere, at a Public or Private Sale at its option, on the non-performance of the above promise, and at any time thereafter, and without advertising the same or otherwise giving to us any notice. In case of Public Sale the holder may purchase without being liable to account for more than the net proceeds of such sale."

Subsequently, Mr. Derrick borrowed $750 additional from the Bank and the Highfill notes were pledged to secure its payment on the same terms and conditions. Mr. Derrick defaulted on the $750 note in 1933 and on the $2000 note in 1934. In 1945 the Bank instituted this action against the Highfills to collect the notes which had been pledged by Mr. Derrick. The Highfills defended on the ground that the pledging of their notes by Mr. Derrick to the Bank placed them on the footing of a bill of exchange, and, therefore, they were barred by the five year statute of limitations, KRS 413.120. The position of the Bank was that the notes were never placed upon the footing of a bill of exchange; they were never negotiated; it never became the holder of them in due course; the signature of Mr. Derrick on the back of the notes could be explained; it acquired no right to

bring an action on any of the notes until after they matured; and, therefore, the fifteen year statute of limitations, KRS 413.090, rather than the five year statute applied. The cashier of the Bank testified it was agreed with Mr. Derrick at the time he pledged the Highfill notes that no effort would be made to collect them unless he (Derrick) defaulted in the payment of his notes. The appellees offered no proof in contradiction of that offered by the Bank and they failed to have their exceptions to the cashier's deposition passed upon before final judgment. Therefore, as the record stands, the testimony for the Bank that no effort would be made to collect the Highfill notes unless Mr. Derrick defaulted in the payment of his notes to the Bank stands uncontradicted. Furthermore, it must not be overlooked that the notes themselves showed that the Highfill notes had been pledged for a special purpose, that is, the Bank was given the power to sell or collect those notes only "on the non-performance of the above promise, and at any time thereafter." We think the Derrick notes themselves, as well as the proof of the Bank, show conclusively that the Highfill notes were not delivered to the Bank for the purpose of transferring them to it in such a manner as to make it the holder thereof in due course. They were not negotiated to it and therefore were not placed upon the footing of a bill of exchange.

The Bank stresses the recent case of Combs v. Salyer, 291 Ky. 592, 165 S. W. 2d 40, wherein Combs and his wife executed a note to the Perry County State Bank in 1927. That Bank and another bank consolidated to form the Perry Bank & Trust Company. The Combs note was renewed to the new bank. Shortly thereafter that note, along with a number of others, was pledged to a Cincinnati bank as collateral for a loan. When the debt to the Cincinnati bank was satisfied the Combs note, together with the other collateral, was returned to the liquidator of the Perry Bank & Trust Company, that bank having been taken over for liquidation in the meantime. Salyer became the holder of the Combs note by virtue of his purchase of the remaining assets of the defunct bank from the liquidator. When Salyer sued Combs he defended on the ground that the pledging of his note to the Cincinnati bank placed it on the footing of a bill of exchange and therefore it was barred by the

five year statute of limitations. We held, however, that the note was not discounted and was not negotiated, in the sense of the word, in such a way as to make it a bill of exchange, and therefore the fifteen year statute of limitations rather than the five year statute applied.

The appellees attempt to distinguish the Combs case from the one at bar because of the fact that the Perry Bank & Trust Company, the original payee, re-acquired the Combs note. They contend that all prior negotiations were canceled and that the note was no longer a bill of exchange, but rather a simple promissory note held by the original payee. We do not think that this constitutes a sound basis for distinguishing the two cases, because, as a general proposition, a paper once placed upon the footing of a bill of exchange would remain as such. In each case the paper was pledged for a specific purpose, namely, as collateral for a loan. The case at bar strikes us as being a stronger one in favor of the contentions of the Bank because of the fact that the Derrick notes themselves, as well as the proof offered by the Bank, show that they were pledged for a special purpose and could be collected by the Bank only in the event Derrick failed to satisfy his indebtedness to it.

For the reasons given we think the judgment should be and it is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.